1  ANDREW R. HADEN
   Acting United States Attorney
2  JANAKI G. CHOPRA
   California Bar No. 272246
3  Assistant United States Attorney
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  (619) 546-8817
   Janaki.Chopra@usdoj.gov
6
   Attorneys for United States of America
7



FILED

MAR - 7 2025

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,        Case No. **25-cr-00682-RSH**

11            Plaintiff,

12       v.                          PLEA AGREEMENT

13  GEORGE DEMOS,

14            Defendant.

15       IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

16  AMERICA, through its counsel, ANDREW R. HADEN, Acting United States

17  Attorney, and Janaki G. Chopra, Assistant U.S. Attorney, and Defendant

18  GEORGE DEMOS, with the advice and consent of Elliott Kanter, counsel

19  for Defendant, as follows:

20                              I

21                          **THE PLEA**

22       Defendant agrees to waive indictment and plead guilty to a single-

23  count Information charging Defendant with insider trading, in violation

24  of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5. In addition,

25  Defendant consents to the forfeiture allegation of the Information and

26  consents to a forfeiture money judgment outlined in the attached

27  forfeiture addendum, incorporated herein.

28

In exchange for Defendant's guilty plea, the United States agrees to not bring any additional charges against Defendant for conduct outlined in the "Factual Basis" section of this plea agreement. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

## II

## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty, and as alleged in Count 1 of the Information, has the following elements:

1.  The defendant willfully used a device or scheme to defraud someone or engaged in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person;

2.  The defendant's acts were undertaken in connection with the purchase or sale of shares of Acadia Pharmaceuticals (NASDAQ ticker symbol: ACAD), which were securities within the meaning of 15 U.S.C. § 78c(a)(10);

3.  The defendant directly or indirectly used a national securities exchange in connection with these acts; and

4.  The defendant acted knowingly.

B.  ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

The Factual Basis is recited in Exhibit A, attached hereto and incorporated fully herein. Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea.

Def. Initials _____
*United States v. Demos*

## III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A. a maximum 20 years in prison;

B. a maximum fine of $5,000,000 or twice the gross gain or gross loss resulting from the offense;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E. forfeiture of any property, real and personal, which constitutes or is derived from proceeds traceable to the violation.

## IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the United States to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The United States will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the United States would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the United States have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the United States' duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

Def. Initials _GD_
*United States v. Demos*

# IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The United States has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

# X

## PARTIES' SENTENCING RECOMMENDATIONS

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2B1.4(a)] | +8 |
| 2. | Gain >$550,000 [§§ 2B1.4(b)(1); 2B1.1(b)(1)(H)] | +14 |
| 3. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 4. | Zero-Point Offender [§ 4C1.1(a)] | -2[1] |

_____

[1] The United States will recommend this departure at sentencing if the defendant qualifies for it after the preparation of a presentence report.

Def. Initials  _GD_
_United States v. Demos_

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the United States need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the United States, the Court or probation officer;

4.   Contests or assists any third party in contesting the forfeiture of property seized in connection with this case, and in connection with the related civil forfeiture case; or

5.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553.  The United States will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

Def. Initials _GD_
United States v. Demos

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The United States will recommend that Defendant be sentenced to a term of 12 months and 1 day in the custody of the Bureau of Prisons.

G.    SPECIAL ASSESSMENT/FINE/RESTITUTION

1.    Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.  Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.    Fine

In light of the forfeiture owed and agreed upon in this case, the United States will not recommend that Defendant pay a fine.

H.    FORFEITURE

As outlined in the attached forfeiture addendum, Defendant agrees to a forfeiture money judgment of $1,313,263.00, which the parties agree represents the total gain realized through the charged offense.

I.    SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised

1  release and has fully paid and satisfied any special assessments, fine,
2  criminal forfeiture judgment, and restitution judgment.

3                                    XI

4                **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

5      Defendant waives (gives up) all rights to appeal and to
6  collaterally attack every aspect of the conviction and sentence. This
7  waiver includes, but is not limited to, any argument that the statute
8  of conviction or Defendant's prosecution is unconstitutional and any
9  argument that the facts of this case do not constitute the crime
10 charged. T The only exceptions are 1) Defendant may appeal a custodial
11 sentence above the high end of the guideline range recommended by the
12 United States at sentencing, and 2) Defendant may collaterally attack
13 the conviction or sentence on the basis that Defendant received
14 ineffective assistance of counsel. If Defendant appeals, the United
15 States may support on appeal the sentence or restitution order actually
16 imposed.

17                                   XII

18                  **BREACH OF THE PLEA AGREEMENT**

19     Defendant and Defendant's attorney know the terms of this agreement
20 and shall raise, before the sentencing hearing is complete, any claim
21 that the United States has not complied with this agreement. Otherwise,
22 such claims shall be deemed waived (that is, deliberately not raised
23 despite awareness that the claim could be raised), cannot later be made
24 to any court, and if later made to a court, shall constitute a breach
25 of this agreement.

26

27

28

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.  Failing to plead guilty pursuant to this agreement;

2.  Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.  Failing to appear in court;

4.  Attempting to withdraw the plea;

5.  Failing to abide by any court order related to this case;

6.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the United States will be relieved of all its obligations under this plea agreement. For example, the United States may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for Defendant's breach.

Plea Agreement                                10                    Def. Initials _CD_
                                                                    United States v. Demos

1     Additionally, if Defendant breaches this plea agreement: (i) any

2 statements made by Defendant, under oath, at the guilty plea hearing

3 (before either a Magistrate Judge or a District Judge); (ii) the factual

4 basis statement in Section II.B in this agreement; and (iii) any

5 evidence derived from such statements, are admissible against Defendant

6 in any prosecution of, or any action against, Defendant. This includes

7 the prosecution of the charge(s) that is the subject of this plea

8 agreement or any charge(s) that the prosecution agreed to dismiss or

9 not file as part of this agreement, but later pursues because of a

10 breach by the Defendant. Additionally, Defendant knowingly,

11 voluntarily, and intelligently waives any argument that the statements

12 and any evidence derived from the statements should be suppressed,

13 cannot be used by the United States, or are inadmissible under the

14 United States Constitution, any statute, Rule 410 of the Federal Rules

15 of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and

16 any other federal rule.

17                               **XIII**

18          **CONTENTS AND MODIFICATION OF AGREEMENT**

19     This plea agreement embodies the entire agreement between the

20 parties and supersedes any other agreement, written or oral. No

21 modification of this plea agreement shall be effective unless in writing

22 signed by all parties.

23                               **XIV**

24    **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

25     By signing this agreement, Defendant certifies that Defendant has

26 read it (or that it has been read to Defendant in Defendant's native

27

28

Def. Initials
*United States v. Demos*

language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ANDREW R. HADEN
Acting United States Attorney

March 5, 2025
_____
DATED

*Janaki G. Chopra*
_____
JANAKI G. CHOPRA
Assistant U.S. Attorney

*03/03/2025*
_____
DATED

*Elliott Kanter*
_____
ELLIOTT KANTER
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

*03 MAR 2025*
_____
DATED

_____
GEORGE DEMOS
Defendant

Approved By:

_____
GEORGE MANAHAN
Assistant U.S. Attorney

Def. Initials *GD*

*United States v. Demos*

**EXHIBIT A**

**STATEMENT OF FACTS**

Defendant GEORGE DEMOS swears under penalty of perjury that the following facts are true and undisputed, and are incorporated by reference as part of the Factual Basis of Defendant's Plea Agreement:

**Background**

At all times relevant to the charge in the Information:

1. Acadia Pharmaceuticals, Inc. ("Acadia") was a biopharmaceutical company based in San Diego, California. Shares of Acadia were publicly traded on the National Association of Securities Dealers Automated Quotations Stock Market ("NASDAQ"), a national securities exchange, under the symbol "ACAD," and was therefore a security within the meaning of 15 U.S.C. § 78c(a)(10). Acadia was an issuer with securities registered under Section 12 of the Securities Exchange Act of 1934 (the "Exchange Act") and was required to file reports under Section 13 of the Exchange Act.

2. The Food and Drug Administration ("FDA") was a federal agency of the Department of Health and Human Services. The FDA was responsible for protecting and promoting public health through the control and supervision of, among other things, prescription drugs.

3. As of 2021, Acadia's only fully FDA-approved pharmaceutical product was Pimavanserin, sold under the brand name Nuplazid, for the treatment of Parkinson's disease psychosis.

4. Acadia had a Policy Against Trading on the Basis of Inside Information (the "Insider Trading Policy") that applied to all Acadia employees, including Defendant. The Insider Trading Policy prohibited Acadia employees from trading in Acadia stock while in possession of

material nonpublic information. The Insider Trading Policy defined "inside information" as "important information about [Acadia] . . . that is not yet publicly available (i.e., information that has not yet been disclosed to the public in a press release or filing with the Securities and Exchange Commission (the "SEC")) about [Acadia]." The Insider Trading Policy stated it was illegal "for anyone to use inside information to gain personal benefit …." The Insider Trading Policy stated that the following items, among others, may be considered inside information: scientific, clinical or regulatory achievements; the status of product development programs; and the launch of new products.

5.    Defendant was a resident of San Diego, California. Defendant held a medical doctorate degree. Defendant became employed by Acadia in or about October 2015. In or about 2020, Defendant was promoted to Vice President of Drug Safety and Pharmacovigilance at Acadia. As part of his employment at Acadia, Defendant was also a member of the labeling team, which focused on developing drug labels.

6.    By virtue of Defendant's employment and job responsibilities with Acadia, Defendant had access to material nonpublic information belonging to Acadia, including information about the drug approval and labeling process with the FDA, prior to such information being released to the investing public.

7.    By virtue of Defendant's employment and job responsibilities with Acadia, Defendant owed a fiduciary duty and duty of trust and confidence to Acadia and its shareholders.

8.    Defendant held an individual brokerage account at E*Trade with account number ending in -2651.

//

//

Def. Initials _BA_
United States v. Demos

**The Scheme to Defraud**

9.    Defendant learned, by virtue of his role as Vice President of Drug Safety and Pharmacovigilance, and membership on the labeling team at Acadia, that in 2020, Acadia had applied for FDA approval for the expansion of the label for Nuplazid to treat dementia-related psychosis ("DRP"). For example, Defendant knew that:

    a.    On or about June 3, 2020, Acadia submitted a supplemental New Drug Application ("sNDA") for Nuplazid to the FDA to expand the label;

    b.    From on or about June 3, 2020, to in or about February 2021, Acadia communicated with the FDA regarding its review of the sNDA; and,

    c.    Acadia expected to commence labeling discussions with the FDA on or about March 3, 2021.

10.    Defendant knew that expanding the label was expected to generate significant revenue for Acadia because the expanded drug could treat a larger patient population.

11.    Defendant knew Acadia's involvement in the sNDA was material nonpublic information that a reasonable investor would find to be material to the decision whether or not to trade in Acadia securities and, when publicly announced, would materially affect Acadia's share price. Defendant knew that an approval of the sNDA would positively affect the stock price while a denial of the sNDA would negatively affect the stock price.

12.    In March 2021, Defendant learned that discussions with the FDA had stalled, indicating a problem with the label. For example, Defendant received internal Acadia emails that continually postponed

1  the meeting of the labeling team beyond the initial target date of March
2  3, 2021, to commence labeling discussions.

3      13.  Upon receiving these emails, Defendant texted with Acadia co-
4  workers that he believed there was "bad news," and that the postponement
5  of the meeting potentially indicated "no label."

6      14.  On or about March 8, 2021, Defendant received an internal
7  Acadia email moving the meeting of the labeling team from March 8, 2021,
8  to March 9, 2021. The email had subject line, "PLACEHOLDER – NUPLAZID
9  DRP Labeling SubTeam." The email stated, "Updated placeholder timeslot
10  as we have not yet received FDA feedback on draft DRP label."

11      15.  On or about March 8, 2021, at approximately 8:27 a.m. Pacific
12  Time, Defendant texted an Acadia co-worker, "So…today's labeling
13  meeting moved to tomorrow…."

14                 **Defendant Knowingly Conducts Securities Transactions**
15                  **on the Basis of Material Nonpublic Information**

16      16.  On or about March 8, 2021, after receiving the above email
17  moving the meeting of the labeling team, at approximately 10:32 a.m.
18  Pacific Time, Defendant knowingly and willfully sold 60,800 shares of
19  Acadia stock at an average share price of approximately $46.61 for
20  $2,833,856.15 through his individual brokerage account at E*Trade
21  ending in –2651.

22      17.  On or about March 8, 2021, at approximately 12:00 p.m. Pacific
23  Time, Acadia uploaded a press release to BusinessWire ("the Corporate
24  Disclosure") announcing that on or about March 3, 2021, the FDA notified
25  Acadia it had identified deficiencies in the sNDA. At approximately
26  1:05 p.m. Pacific Time, the Corporate Disclosure was publicly available
27  on BusinessWire.

28

18.    On or about March 8, 2021, at approximately 1:13 p.m. Pacific Time, the Acadia Chief Executive Officer sent a company-wide internal email, which Defendant received, with "DRP Update" in the subject line. The email stated that Acadia had just issued its press release (the Corporate Disclosure) "providing a regulatory update" on the sNDA and indicating that the FDA had identified "deficiencies" that prevented the FDA from discussing the label with Acadia.

19.    On or about March 9, 2021, the first full trading day after the Corporate Disclosure, at the close of the market, Acadia's stock dropped approximately 45% to approximately $25.02 per share, reflecting that the negative information about the sNDA was material to the investing public.

20.    By selling Acadia stock on March 8, 2021, before the Corporate Disclosure, Defendant avoided a loss of approximately $1,313,263.00.

03 MAR 2025
DATED

GEORGE DEMOS
Defendant

03/03/2025
DATED

Elliott Kanter
ELLIOTT KANTER
Defense Counsel

FORFEITURE ADDENDUM TO PLEA AGREEMENT

*United States v. George Demos*

Case No.   **25-cr-00682-RSH**

Defendant understands and agrees that this forfeiture addendum to the plea agreement will be filed with the Court at the same time as the filing of the main plea agreement. The Court at the time of the Fed. R. Crim. P. Rule 11 plea colloquy will have both the main plea agreement and this addendum before the Court, and any reference during the hearing to the "plea agreement" will be understood to be a reference to the main plea agreement together with this addendum. Both parties will ensure that the Court is aware of and is considering both the plea agreement and this addendum at the Rule 11 hearing. If this issue is not raised by either party at the Rule 11 hearing, any objection relating to that issue will be considered waived.

I, the defendant, certify that I have read the preceding paragraph (or it has been read to me in my native language), and that I have discussed it with my counsel and fully understand its meaning and effect. I am satisfied with counsel's representation.

Date: _28 Jan 2025_          _____
George Demos
Defendant

Acknowledgement by Defense Counsel:

Date: February 03, 2025          _____
Elliott Kanter
Defense Counsel

    A.   <u>Penalty</u>. In addition to the penalties in the plea agreement, federal law states that the Defendant must forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds obtained directly or indirectly from the offense, Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5. Defendant understands that forfeiture is mandatory in this case.

    B.   <u>Property Subject to Forfeiture</u>. In addition to pleading guilty to Count 1 of the Information, as set forth in Section I of the main agreement, Defendant agrees to forfeit to the United States, in the form of a personal forfeiture money judgment against him, all proceeds he obtained in the amount of $1,313,263.00, which shall be included in the judgment in this case.

    C.   <u>Immediate Payment and Accrual</u> of Interest. Defendant agrees he will use his best efforts to pay the full amount of the judgment as soon as possible after execution of the plea agreement. Defendant further acknowledges and agrees that the personal money judgment against Defendant shall accrue interest from the date of entry of the Order of Forfeiture in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961. The Defendant agrees that the United States may take all actions available to it to collect the full amount of the judgment, including enforcement of the judgment against substitute assets as provided in 18 U.S.C. § 982(b) which incorporates 21 U.S.C. § 853(p) and actions available under the Federal Debt Collections Procedure Act.

    D.   <u>Financial Disclosure Statement</u>. Within 30 days of signing the plea agreement Defendant will provide the United States a financial disclosure statement disclosing all assets he owns or in which he has an interest. The financial statement must be signed under penalty of

2

Def. Initials    _Cp_

1  perjury and also disclose all property transferred, assigned, or
2  otherwise encumbered since the date Defendant was charged with the
3  criminal offense. The disclosure must state the full name and address
4  of all transferees, the exact amount or description of the property
5  transferred, and the consideration received or promised for each
6  transfer.

7      E.  Bases of Forfeiture. Defendant acknowledges that the
8  forfeiture in the amount of $1,313,263.00 against him represents the
9  moneys subject to forfeiture to the United States as proceeds he
10  personally obtained from the illegal conduct in violation of 15 U.S.C.
11  §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5, and subject to forfeiture
12  to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.
13  § 2461(c).

14      F.  Immediate Entry of an Order of Forfeiture. Defendant consents
15  and agrees to the immediate entry of an order of forfeiture upon entry
16  of the guilty plea. Defendant further agrees that upon entry of the
17  order of forfeiture, such order will be considered final as to Defendant.
18  Defendant agrees to immediately withdraw any claims to property directly
19  or indirectly related to the criminal conduct seized in connection with
20  this case in any pending administrative and civil forfeiture proceeding,
21  and consents to the forfeiture of all properties seized in connection
22  with this case to the United States. Defendant agrees to execute any and
23  all documents requested by the Government to facilitate or complete the
24  forfeiture process. Defendant further agrees not to contest or to assist
25  any other person or entity in contesting the forfeiture of the property
26  seized in connection with this case. Defendant further agrees that the
27  forfeiture judgment imposed by the Court will be (i) subject to immediate
28  enforcement, and (ii) submitted to the Treasury Offset Program so that

Def. Initials  GD

any federal payment or transfer of returned property the Defendant receives may be offset and applied to the outstanding balance on the forfeiture.

G. Entry of Orders of Forfeiture and Waiver of Notice. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

H. Waiver of Constitutional and Statutory Challenges. Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

I. Agreement Survives Defendant; No Forfeiture Abatement. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors

4

Def. Initials _____

1    and assigns until the agreed forfeiture, including any agreed money

2    judgment amount, is collected in full.

3        J.   Substitute    Assets/Collection    of    Forfeiture.   Defendant

4    acknowledges and agrees that the forfeiture in this case includes entry

5    of a forfeiture judgment for all proceeds of the offense he/she received.

6    Interest shall accrue on the forfeiture from the date of entry of the

7    Order of Forfeiture and shall accrue thereon in accordance with 18 U.S.C.

8    §3612(f) and 28 U.S.C. § 1961. The Defendant agrees that the conditions

9    for collection of the forfeiture against any and all other assets and

10   properties under Title 21, U.S.C., Sec. 853(p) exist.   The Defendant

11   agrees the United States may take any and all actions available to it

12   to collect the full amount of the forfeiture, including, but not limited

13   to enforcement of the judgment against substitute assets as provided in

14   Title 21, U.S.C. §853(p) and actions available under the Federal Debt

15   Collections Procedure Act.

16       The Defendant understands that the main plea agreement and this

17   addendum embody the entire plea agreement between the parties and

18   supersedes any other plea agreement, written or oral.

19

20   _____28 Jan 2025_____           _____
     Date                            George Demos
21                                   Defendant

22

23   **Acknowledgement by Counsel:**

24   February 03, 2025               _Elliott N. Kanter_____
     _____        Elliott Kanter
25   Date                            Defense Counsel

26

27   February 3, 2025                _Janaki G. Chopra_____
     _____        Janaki G. Chopra
28   Date                            Assistant U.S. Attorney

                        5                Def. Initials _____