AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| GEORGE DEMOS (1) | Case Number: 3:25-CR-00682-RSH |
| | Elliott N Kanter |
| | Defendant's Attorney |

**USM Number** 65201-511

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

THE DEFENDANT:

☒ pleaded guilty to count(s)  1 of the Information

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 15:78j(b), 78ff; 17:240.10b-5; 18:981(a)(1)(c); 28:2461(c) - Securities Fraud (Insider Trading) | 1 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is  dismissed on the motion of the United States.

☒ Assessment : $100.00 imposed

☐ JVTA Assessment*: $ -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ See fine page   ☒ Forfeiture pursuant to order filed   4/22/2025   , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

July 11, 2025
Date of Imposition of Sentence

*[signature]*
HON. ROBERT S. HUIE
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | George Demos (1) | Judgment - Page **2** of 9 |
|---|---|---|
| CASE NUMBER: | 3:25-CR-00682-RSH | |

## PROBATION

The defendant is hereby sentenced to probation for a term of:
3 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)
8. The defendant must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, the defendant must pay in accordance with the Fine sheet of this judgment.
10. The defendant must notify the court of any material change in their economic circumstances that might affect their ability to pay restitution, fines, or special assessments.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | George Demos (1) | Judgment - Page **3** of **9** |
| CASE NUMBER: | 3:25-CR-00682-RSH | |

## STANDARD CONDITIONS OF PROBATION

As part of the defendant's probation, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | George Demos (1) | Judgment - Page **4** of 9 |
| CASE NUMBER: | 3:25-CR-00682-RSH | |

## SPECIAL CONDITIONS OF PROBATION

1. Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
2. Provide complete disclosure of personal and business financial records to the probation officer as requested.
3. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation.
4. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.
5. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

//

AO 245S (CASD Rev. 08/13) Judgment in a Criminal Case

DEFENDANT: George Demos  
CASE NUMBER: 3:25-CR-00682-RSH

Judgment - Page 5 of 9

## FINE

The defendant shall pay a fine in the amount of _____ $200,000.00 _____ unto the United States of America through the Clerk, U.S. District Court. Until fine has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs. The fine is payable forthwith.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>GEORGE DEMOS,<br><br>            Defendant. | Case No. 25-CR-00682-RSH<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Information, the United States sought forfeiture of all right, title and interest in property of Defendant GEORGE DEMOS ("Defendant"), pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as any and real property, real and personal, which constitutes or is derived from proceeds traceable to the violation involved in the offense set forth in Count 1 of the Information, alleging violations of Title 15, United States Code, Sections 78j(b), 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5 charged in Count 1 of the Information; and

WHEREAS, on March 7, 2025, Defendant pleaded guilty before Magistrate Judge Valerie E. Torres to the offense in Count 1 of the Information, which plea included consent to the forfeiture allegations of the Information, consent to the forfeiture of all properties seized in connection with the case, and an agreement to pay and forfeit to the United States the amount of $1,313,263.00 representing the

amount of proceeds Defendant personally received from the offense set forth in Count 1, which forfeiture shall be included and incorporated as part of the judgment in this case, which Defendant agrees are forfeitable to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

WHEREAS, on April 21, 2025, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the admissions of Defendant set out in the plea agreement and the forfeiture addendum, the Court hereby determines that $1,313,263.00 represents the amount of proceeds defendant personally received from the offense set forth in Count 1; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant in the form of a forfeiture money judgment representing the amount of the proceeds personally received from the offense and directly obtained by Defendant in the amount of $1,313,263.00 pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the $1,313,263.00, forfeiture money judgment, and the offense of conviction; and

WHEREAS, the Defendant has agreed to pay the United States the $1,313,263.00 judgment and agreed that the provisions for the substitution of assets as provided in 18 U.S.C. § 982(b) exist and that the United States may take actions to collect the forfeiture money judgment; and

1  WHEREAS, the United States, having submitted the Order herein to the
2  Defendant through his attorney of record, to review, and no objections having been
3  received;
4  Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
5  1.   Based on the guilty plea of the Defendant to the Information, the United
6  States is entitled to a forfeiture money judgment against Defendant GEORGE
7  DEMOS in the amount of $1,313,263.00 pursuant to Title 18, United States Code,
8  Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), representing
9  the proceeds Defendant personally received from the offense of conviction set forth
10  in Count 1 of the Information, which forfeiture money judgment is in favor of the
11  United States against Defendant GEORGE DEMOS, with interest to accrue thereon
12  in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and
13  2.   This Court shall retain jurisdiction in the case for the purpose of
14  enforcing the order of forfeiture money judgment and collecting and enforcing it; and
15  3.   Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final
16  as to the Defendant at the time of sentencing and is part of the sentence and included
17  in the judgment; and
18  4.   Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct
19  discovery to identify, locate, or dispose of directly forfeitable assets and substitute
20  assets against which this Order of Forfeiture may be enforced; and
21  5.   The United States may, at any time, move pursuant to Rule 32.2(e) to
22  amend this Order of Forfeiture to substitute property having a value not to exceed
23  $1,313,263.00 to satisfy the forfeiture money judgment in whole or in part; and
24  6.   The United States may take any and all actions available to it to collect
25  and enforce the forfeiture money judgment; and
26  //
27  //
28  //

7. This order shall be incorporated and included as part of the judgment in this case when Defendant is sentenced.

DATED: 4/22/25

*Robert S. Huie*

Honorable Robert S. Huie
United States District Judge